**In re OWEN J. ROGAL, D.D.S., LTD., a/k/a Dr. Owen J. Rogal, Ltd., a/k/a Owen J. Rogal, Ltd., a/d/b/a Smile Dental Lab, Debtor.**

**Bankruptcy No. 82–04639G.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 23, 1984.

Gary M. Perkiss, Joseph R. Pozzuolo Associates, Philadelphia, Pa., for debtor, Owen J. Rogal, D.D.S., Ltd. etc.

Melvin Lashner, Daniel Bernstein, Philadelphia, Pa., for trustee/objector, Leo F. Doyle, Esquire.

Charles W. Paul, Norristown, Pa., for Continental Bank/objector.

Leo F. Doyle, Philadelphia, Pa., Trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

The issue in the case at bench is whether we should confirm the prepetition private sale of the debtor's goods to an insider of the debtor, notwithstanding the trustee's objections to the sale under 11 U.S.C. § 548(a) of the Bankruptcy Code ("the Code"). For reasons stated herein we will approve the sale.

The facts of this case are as follows:[1] Owen J. Rogal ("Rogal") is a dentist who owns a 100% interest in Owen J. Rogal, D.D.S., Ltd. ("the debtor"), as well owns a 100% interest in Owen J. Rogal, D.D.S., P.C. ("Rogal, P.C."). One day prior to the debtor's filing of a petition for relief under chapter 7 of the Code, the debtor sold certain dental equipment and furniture to Rogal, P.C., so Rogal, the individual, could continue to practice dentistry in the employ of Rogal, P.C. The assets were encumbered by the perfected security interests of two parties for a total indebtedness of approximately $17,600.00. The goods were sold without fraudulent intent, for $2,500.00 in cash plus an assumption by Rogal, P.C., of the indebtedness to the two creditors. The value given by Rogal, P.C., for the goods was greater than the fair market value of the goods. After the commencement of bankruptcy the debtor filed for confirmation of the sale to which the trustee has objected.[2]

As stated above, the trustee challenges the propriety of the sale under § 548(a)[3] and asks that we not confirm it. The trustee contends that the sale was in violation of § 548(a)(1) due to the debtor's alleged intent to defraud, which is evinced by its selling of its goods to insiders one day prior to the filing of bankruptcy. The trustee asserts that even if we find that the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Although objections to the sale were filed by several other parties, no evidence was presented on these objections and we find that they are without merit due to a failure of proof.

3. Section 548(a) states as follows:

    § 548. Fraudulent transfers and obligations

    (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

    (1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

    (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

    (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

    (ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

    (iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured

goods were sold for a fair price, the debtor violated § 548(a)(1) since it possessed the requisite intent to defraud. We need reach the esoteric point[4] raised by the trustee since we stated above that the debtor had no fraudulent intent. As stated in § 548 in a learned treatise:

> While no finding of fraud can be predicated solely on the fact that a transaction resulting in a transfer of a debtor's property is between relatives or members of a family, such transactions are generally subjected to close scrutiny when challenged by the trustee, and the relationship of the parties in conjunction with other circumstances often makes a trustee's case compelling notwithstanding the absence of direct evidence of fraud. Where, on the other hand, the debtor is motivated by a purpose to protect his credit standing, to continue in business, and to rehabilitate himself financially, his action in making transfers or in incurring obligations to effect such purpose has often been held not to be fraudulent in fact notwithstanding his insolvency at the time of entering upon such transactions.

4 *Collier on Bankruptcy,* ¶ 548.02[5] at pp. 548–37 to 548–38 (15th ed. 1983). In the case at bench the debtor sold the goods to a related corporation in order to allow Rogal to continue his practice of denistry, thus serving a legitimate business purpose. Consequently, we hold that § 548(a)(1) provides no basis for denying confirmation of the sale.

The trustee also urges us not to confirm the sale due to § 548(a)(2), since the transfer depleted the debtor of assets. Due to this alleged depletion, the trustee contends

that his examination of the transaction was effectively precluded by the debtor since the trustee can expect no compensation for an appraiser or himself for challenging the transaction if he is unsuccessful in avoiding it. Although this situation placed the trustee in a quandary, it does not shift the burden of proof which is on the trustee. 4 *Collier on Bankruptcy* § 548.10 (15th ed. 1983); *Hemphill v. T & F Land Co.* (In Re Hemphill), 18 B.R. 38, 48 (Bkrtcy.S.D.Iowa 1982). Consequently, we also find this basis for objection without merit.

We will enter an order confirming the sale.

---

**4.** The issue has been succinctly addressed as follows:

> Must a conveyance, in order to be fraudulent under section 548(a)(1), not only be accompanied by the requisite intent if not set aside? An affirmative answer, given by a court applying the Uniform Fraudulent Conveyance Act, must be taken with caution. While ordinarily there is no reason for a trustee to seek, or a court to exercise its power, to avoid a transfer which has not harmed anyone, it is to be emphasized that fraud may be committed under section 548(a)(1) even though a fair equivalent consideration may pass to the transferor and even though creditors are merely hindered or delayed. It lies ill in the mouth of a party to a transaction calculated to defraud creditors to contend that the property is worthless to creditors seeking recovery, or that the transfer has not otherwise injured them. The burden of showing a harmless effect when the fraudulent intent is made out surely belongs on the defendant in a proceeding by the trustee under section 548(a)(1). 4 *Collier on Bankruptcy* ¶ 548.02[4] at pp. 548–31 to 548–32 (15th ed. 1983) (footnotes omitted).